IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MATTHEW FAISON, JR.,
    Petitioner,

vs.                        Case No. 3:06cv394/MCR/EMT

JAMES R. McDONOUGH,
    Respondent.
_____/

## ORDER

Petitioner has filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 16). Leave to proceed in forma pauperis has been granted (Doc. 11). The petition is in proper form, and Petitioner has provided the correct number of service copies.

Respondent will be required to file an answer so the court may determine whether an evidentiary hearing is required or, if not required, may dispose of the petition as justice requires. *See* Rule 8(a), Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules). The answer shall be filed pursuant to Habeas Rule 5 and shall be styled as an answer rather than as a motion to dismiss or for summary judgment, unless evidence outside the state court record is submitted, McBride v. Sharpe, 25 F.3d 962, 970 (11th Cir. 1994), or unless it appears to Respondent that a motion to dismiss based on a procedural defect such as failure to exhaust or the statute of limitations is appropriate.

As provided by Rule 5, the answer shall respond to the allegations of the petition, state whether Petitioner has exhausted his state remedies, and attach such portions of the transcripts as Respondent deems relevant.

However, if Respondent raises the defense of failure to exhaust or procedural default as to any claim, he may file an appropriate motion and shall set forth as to each such claim the appropriate manner of raising the claim under Florida law, whether Petitioner has sought such relief, and, if not, whether any further relief is available for purposes of §2254(c). Habeas Rule 5; 28 U.S.C. §2254(b)

and (c).  If an exhaustion or default argument is raised by motion, Respondent may await a ruling on that defense before filing an answer on the merits.

Alternatively, Respondent may proceed directly to the merits.  *See* § 2254 (b)(2) (the application may be denied on the merits notwithstanding the failure to exhaust state remedies); § 2254(b)(3), *as amended* April 24, 1996 (the exhaustion requirement is not deemed to be waived unless expressly waived by counsel for the state).  The answer shall be filed within sixty (60) days from the date this order is docketed.  Thereafter, Petitioner will be given the opportunity to file a reply.

Upon receipt of the answer and Petitioner's reply, the court will review the file to determine whether an evidentiary hearing is required.  An evidentiary hearing will not be required unless consideration of disputed evidence outside the state court record appears necessary to the court.  If it is determined that an evidentiary hearing is not required, the court will make such disposition of the petition as justice requires pursuant to Habeas Rule 8(a).

Accordingly, it is **ORDERED**:

1. The Clerk is directed to furnish copies of the amended petition (to include any attachments to said petition) along with a copy of this order to Respondent and the Attorney General of the State of Florida.

2. Respondent shall have **SIXTY (60) DAYS** from the date this order is entered on the docket in which to file an answer as directed by this order.

**DONE AND ORDERED** this 15th day of December 2006.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**