IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MATTHEW FAISON, JR., #038634,
    Petitioner,

vs.                                      Case No.:  3:06cv394/MCR/EMT

JAMES R. McDONOUGH,
    Respondent.
_____/

## **REPORT AND RECOMMENDATION**

        Petitioner initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1).  Petitioner later filed an amended petition (Doc. 16).  Leave to proceed in forma pauperis has been granted (Doc. 11).  This cause is now before the court upon Petitioner's "Motion Demonstrate's [sic] Pending Motions in the Judicial Circuits and the U.S. Appeals Court 11th Cir. and State's [sic] Why the Amended Petition (Doc. 16) Petition for Writ of Habeas Corpus Should Not Be Dismissed" (Doc. 39).

        Petitioner is a state prisoner incarcerated at Santa Rosa Correctional Institution.  Following a jury trial, Petitioner was convicted in the Circuit Court in and for Dade County, Florida, of burglary of a structure, two counts of kidnapping, and two counts of sexual battery (*see* Doc. 27 ¶ 1).  Petitioner was sentenced in 1979 to three consecutive ninety-nine (99) year terms of incarceration for the burglary count, one kidnapping count, and one sexual battery count (*id.*).  On October 8, 1980, the Florida Parole Commission (FPC) established Petitioner's presumptive parole release date (PPRD) as May 9, 2018 (*id.* ¶ 2).  On February 27, 2002, the FPC extended Petitioner's PPRD to May 9, 2063, based upon Petitioner's receiving eight disciplinary reports between May 31, 2000 and September 4, 2001 (*id.*).

        In the instant section 2254 petition, Petitioner challenges his continued custody on grounds that both his conviction and the decision of the FPC establishing his PPRD are unconstitutional (*see*

Doc. 16).[1]  Respondent filed a motion to dismiss the petition as untimely and directed the court's attention to case number 3:04cv175/MCR/EMT, a section 2254 case previously filed by Petitioner in which he challenged the decision of the FPC in establishing his PPRD (*see* Doc. 27).  Indeed, the court notes that Petitioner filed a section 2254 petition in Faison v. Florida Parole and Probation Comm'n, Case No. 3:04cv175/MCR/EMT.  In that petition, Petitioner challenged the same decision of the FPC which he now challenges.  Faison v. Florida Parole and Probation Comm'n, Case No. 3:04cv175/MCR/EMT (N.D. Fla. Mar. 23, 2005), Doc. 1.  Following a Report and Recommendation, the claims were denied as procedurally barred.  *Id.*, Docs. 27, 29.  Petitioner appealed the decision to the Eleventh Circuit Court of Appeals, and the appellate court denied a certificate of appealability.  *Id.*, Doc. 49.  The United States Supreme Court denied certiorari.  *Id.*, Doc. 51.

Additionally, the court notes that Petitioner previously filed several section 2254 petitions in the United States District Court for the Southern District of Florida challenging his conviction and sentence.  The first petition, Case No. 01-4l29-Civ-Middlebrooks, was dismissed as time-barred on January 15, 2002.  Petitioner did not appeal the decision.  The second petition, Case No. 02-21233-Civ-Ungaro-Benages, was dismissed as successive on May 29, 2002.  Petitioner did not appeal the decision.  The third petition, Case No. 02-22420-Civ-Lenard, was also dismissed as successive on September 19, 2002.  Petitioner did not appeal the decision.  The fourth petition, Case No. 02-23143-Civ-Martinez was dismissed as successive on January 23, 2003.  Petitioner appealed the decision to the Eleventh Circuit, Case No. 03-10977, but the appellate court declined to issue a certificate of appealability on June 13, 2003, and July 15, 2003.  The fifth petition, Case No. 06-20537-Civ-Moreno was dismissed as successive on March 24, 2006.  Petitioner did not appeal the

---

[1] Although Ground Five the Amended Petition does not challenge Petitioner's custody; rather, it challenges "negative entries" placed in Petitioner's inmate records by officials at Santa Rosa Correctional Institution (*see* Doc. 16, Ground five), this claim is not cognizable in habeas corpus because it challenges the conditions of Petitioner's confinement and not the fact or duration thereof.  *See* McKinnis v. Mosely, 693 F.2d 1054, 1056–57 (11th Cir. 1982). Even if Petitioner prevailed in his argument that the placement of specific information in his inmate records was unconstitutional, he would not be entitled to release from incarceration; instead, the appropriate remedy would be to enjoin continuance of any unconstitutional practices, or require correction of any conditions causing the constitutional violations.  *See* Gomez v. United States, 899 F.2d 1124 (11th Cir. 1990) (relief for Eighth Amendment violation does not include release from confinement).  Therefore, although Petitioner included this claim in his petition, it is not properly before the court in this habeas action.

Case No.: 3:06cv394/MCR/EMT

decision.  The sixth petition, Case No. 06-21689-Civ-King was dismissed as successive on July 24, 2006.  Petitioner did not appeal the decision.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  *See* Felker v. Turpin, 518 U.S. 651, 116 S. Ct. 2333, 2337, 136 L. Ed. 2d 346 (1996); In re Medina, 109 F.3d 1560 (11th Cir. 1997); *see also* Thomas v. Crosby, 371 F.3d 782, 788 (11th Cir. 2004) (a habeas petition collaterally attacking a decision of the state parole commission is subject to the procedural restrictions of section 2254).  Some types of collateral challenge do not render subsequent habeas petitions "second or successive."  *See* McIver v. United States, 307 F.3d 1327, 1332 (11th Cir. 2002) (successful motion to file out-of-time notice of appeal does not render subsequent collateral proceedings "second or successive"); Slack v. McDaniel, 529 U.S. 473, 486–87, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (dismissal of petitioner's § 2254 claims for failure to exhaust state remedies does not render subsequent petition second or successive); Stewart v. Martinez-Villareal, 523 U.S. 637, 643–44, 118 S. Ct. 1618, 140 L. Ed. 2d 849 (1998) (petitioner's Ford v. Wainwright claim that he is not competent to be executed should not be treated as "second or successive" petition, despite the fact that it had been raised in a prior petition and dismissed as unripe); Carlson v. Pitcher, 137 F.3d 416, 420 (6th Cir. 1998) (habeas petition filed after previous petition has been dismissed without prejudice to allow petitioner to pursue state remedies is not "second or successive"); McWilliams v. Colorado, 121 F.3d 573, 575 (10th Cir. 1997) (same); Camarano v. Irvin, 98 F.3d 44, 46–47 (2d Cir. 1996) (same); Reeves v. Little, 120 F.3d 1136, 1139 (10th Cir. 1997) (prior habeas action challenging only the constitutionality of state's system of processing indigent criminal appeals does not render later § 2254 petition successive); Benton v. Washington, 106 F.3d 162, 165 (7th Cir. 1996) (§ 2254 petition dismissed for failure to pay required filing fees not counted as first petition for purpose of determining successor status).

In this case, the court issued an order directing Petitioner to state whether he obtained an order from the Eleventh Circuit authorizing this court to consider his successive petition and, if not, why the instant petition should not be dismissed (Doc. 36).  In response, Petitioner admitted that he "hasn't [sic] obtained an order from the 11th Cir. appeals, because it hasn't [sic] entered a ruling on

the merits, of the 'writ of mandamus' [sic] the writ is still in pendency" (Doc. 39 at 5). Additionally, the instant amended petition is clearly "second or successive," because Petitioner challenges the constitutionality of the same conviction that he challenged in the cases filed in the Southern District, and he challenges the same decision of the FPC that he challenged in this District.  Petitioner has failed to show that he has obtained the requisite permission from the Eleventh Circuit to file the instant amended petition.  This failing operates as a jurisdictional bar that precludes this district court's consideration of the merits of the amended petition.  For this reason, this case should be dismissed without prejudice to allow Petitioner the opportunity to seek authorization from the Eleventh Circuit.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Petitioner's amended petition for writ of habeas corpus (Doc. 16) be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

2. That all pending motions be **DENIED** as moot.

At Pensacola, Florida  this 26th day of September 2007.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**